## BEACH and another *against* WALKER.

Where an officer, having levied an execution on real estate, previously to *May,* 1826, embraced in his return, these, among other charges, *viz.* " for demand, 12 cents; for levy, 12 cents; for time spent in setting bounds, 1 dollar; for town-clerk's fees for recording, 1 dollar;" it was held, that these charges were unauthorized and prohibited by law.

If by reason of unlawful charges, too much land is taken and set off to the creditor, the proceeding, being an entire and indivisible act, is wholly void.

The act of *May,* 1826, providing, that no levy of an execution on real estate, previously made, shall be deemed void, because the officer embraced in his return, as part of the costs of levy, other and greater fees than were by law allowable, is a constitutional and valid act.

This was an action of ejectment, tried at *Fairfield, December* term, 1825, before *Hosmer,* Ch. J.

The plaintiffs claimed title to the demanded premises, by virtue of the levy of an execution in their favour against the defendant; and it was admitted, that the plaintiffs acquired a good title, unless the levy was void, by reason of the fees and charges of the officer endorsed on the execution.   The exceptionable items were the following : "Demand, 12 cts.   Levy, 12 cts.   Time spent in setting bounds, 1 doll.   Town-clerk's fees for recording, 1 doll."   No evidence was offered to shew, that these items were extravagant, or for unnecessary services. The defendant, however, contended, that they were not authorzed, by the statute, and hence were illegal; that the land being set off to satisfy these sums, as well as the amount due on the execution, too much was taken; and the levy being entire, and not divisible, it was totally void.   In reply, the plaintiffs insisted, that the items in question, being for actual and necessary services, not extravagantly charged, were by law authorized. They also contended, that if the items were not legally authorized, the levy was valid throughout; and the remedy of the defendant was by suit against the officer.   The Chief Justice instructed the jury as follows : "The statute, in order to prevent oppression, has specified, with much care, what fees are allowable; and has expressly prohibited all others.   The requisitions of law must be precisely pursued, in order to transfer a title to land levied upon, as it is a proceeding *in invitum ;* and if too much is taken, by reason of the charge of unlawful fees, the levy, being an entire and indivisible act, effecting an entire conveyance, if it operate at all, is void.   There is no remedy against an officer, in favour of the execution debtor, for a void levy on land, as no damage has been done to him ; and if there were, the supposition that the creditor may appropriate to himself more of his debtor's land, than the amount of his execution and legal fees, is founded upon an inadmissible assumption, *viz.* that the property of a man may be taken from him, without law, and without his consent.   The levy of the plaintiffs' execution, therefore, is void ; and your verdict must be for the defendant."   The jury found for the defendant accordingly ; and the plaintiffs moved for a new trial for a misdirection.

In *May,* 1826, the legislature of this state, passed the "act relative to the levy of executions on real estate," approved *May* 25, 1826. (a)

(a) The 2nd section of the act is as follows: " That no levy of an execution on real estate, heretofore made, shall be deemed void, because the officer who

At the present term of this Court, *Seeley,* in support of the motion, contended, 1. That the fees charged in the case, were not illegal. It appears from the motion, that all the items of fees, of which the defendant complained, were for services necessarily rendered in making the levy; and that the charges made by the officer for those services, are reasonable and not exorbitant. No injustice has, therefore, been done to the defendant. As she compelled the plaintiffs to resort to her land for the satisfaction of their debt, so justice requires, that she should pay all the necessary and reasonable expenses of the levy. It is obvious, then, that the objection taken for her, rests upon no real grievance, which she has suffered, but is founded solely on a rigorous construction of the statute, which, it is said, has prohibited the fees in question; and, although they are found to be necessary and reasonable, yet it is the good fortune of the defendant to shield her own property from the burden, and subject the creditor, or the officer, to the loss.

From a careful inspection of the act, (*Stat.* 292, 3. *tit.* 83. *s.* 13.) which is supposed to prohibit the items of fees excepted to, it will appear evident, that no provision whatever is made for officer's fees accruing by the levy of executions on land. No allusion is made, in this act, to the fees of appraisers, justice, surveyors, chain-bearers or town-clerk, for recording the execution and endorsement. *Some* of these charges are indispensable in every levy *on land*; and *most* of them, in *all* levies. In this act, every description of service of legal process is particularly noticed and provided for, except that of a levy of an execution on land, to which no allusion is made. But numerous charges peculiar to *such* service are, and always have been, indispensable.—No levy can be made without them. The legislature, therefore, having, by this act, made no provision for the fees of an officer in levying on land, did not mean to legis-

made such levy, embraced in his return thereon, as part of the costs of such levy, allowances to the appraisers, surveyor and chain-bearers employed, and the justice who administered the oath to the appraisers, and an allowance to the town-clerk who recorded such execution, greater than the sum of thirty-four cents; nor because such officer embraced in his return, as part of the costs of such levy, other or greater fees than were by law allowable; but all such levies, which are not in other respects defective, are hereby declared to be valid and effectual to transmit the title to the real estate levied upon.

"*Provided,* That the liability of such officer for receiving more than his lawful fees on the levy of such execution, shall, in no way, be altered or affected, by this act."

late regarding this species of service at all : it is a case wholly omitted in this act, and wholly unaffected by it. The positive enactments of the statute, applying to all service of process, except that of a levy on land, *this* case is exempted from its operation ; and the prohibitory clause (*sec.* 13.) cannot, upon any rule of construction, be made more extensive in its application. When it prohibits "all other items of fees not specified in the act," it means "other items of fees" in those cases, in which fees, by that act, are provided. Having made due provision for all necessary and reasonable fees in *these* cases, the act goes on to declare, that no other shall be "added or made." Considered in this point of view, the case is simple, and relieved of all difficulty. It appears, too, from another statute, (*p.* 58. *tit.* 2. *s.* 77.) that the clause relied upon by the defendant, is not as comprehensive in its import as its language would seem to imply ; because thirty-four cents are here given to the officer "for causing the execution and his endorsement to be recorded."

The absurd consequences resulting from the construction put upon the act, by the defendant's counsel, evince, that its meaning is mistaken. The services of the appraisers, justice, &c. are indispensable : did the legislature intend, that they should be made gratuitously ? Upon such terms, ordinarily, these services could not be obtained ; no levy could be made ; and the law subjecting land to the payment of debts, would be defeated. If, then, these services must be paid, who must pay them ? There being no personal property, the creditor has a right to direct the officer to levy on land ; and the creditor is not bound to do a single act precedent to the entire performance of the officer's duty in levying upon, and setting off the land. If, then, it should be necessary, as it certainly is, to advance money, or contract an obligation to pay money, to the appraisers, or for the purpose of making the levy, the officer must, in the first instance, take upon himself this responsibility. But if he is bound to pay out money in the service of legal process, the law will not be so unjust as to deny him all remedy for redress.— And yet, if the charges in question are prohited by the statute ; if they are unauthorized and illegal ; the creditor cannot be called upon to pay them ; for he is liable only for "lawful" fees ; nor can any other person be responsible for charges originating in a violation of law. And what is worse, he is subject, by statute, to heavy penalties for endorsing illegal fees ; he

*Fairfield,*
June,
1826.

Beach
*v.*
Walker.

forfeits "three-fold the amount of the excess" above the unau-
thorized charges; and is removable from office. *Stat.* 418, 19.
*tit.* 96. *s.* 19. 20.   The statute is imperative, that he shall give
the creditor all the debtor's title in the land; and, at the same
time, a faithful performance of that duty—a duty from which
he cannot escape, necessarily involves a violation of law, and
exposes him to ruin! Such inconsistent duties cannot co-exist;
and the law cannot require them; and a construction of a sta-
tute involving such absurdities, cannot be sound.   But if the
prohibition to "add or make any other item of fees," be under-
stood in a restricted sense, and as applicable to *such* service of
process as the previous sections of this act contemplate, the dif-
ficulty is avoided; and all fees will, of course, be lawful, which,
like those in this case, are "necessary and reasonable."

2. That if the statute must be understood to prohibit the fees
in question, still it does not follow, that the levy is void.   All
the formalities required by the statute, have been literally com-
plied with.   Then the title, having every statutory requisite,
must be good.   Had the statute declared, that any prohibited
item of fees should avoid the levy, it would have been impossi-
ble to reason against its operation.   But no such thing appears:
if the levy be void, it is so by mere construction and inference.
Nor can any good end be answered, by holding the levy void.
The law has provided a wiser course, by subjecting the officer,
without sacrificing the rights of the unoffending creditor.   The
officer is liable civilly, to the injured party; and criminally, to
the public.   Thus, every purpose of private justice and public
example is fully answered.   But that the innocent creditor
should suffer, simply because the officer, who is the agent of the
law, and not of the party, endorsed some item of fees, which
was constructively prohibited, but which was for money actu-
ally paid out for services indispensable in kind, and reasonable
in amount, is a doctrine wholly unnecessary, founded upon no
satisfactory reason and most disastrous in its consequences.   It
will not be denied, that all levies on land hitherto made in this
state, are subject to the infirmity, if such it be, charged upon
the plaintiffs' title.   Nothing but the statute of limitation can
save them.   The statute establishes the fees of judges of pro-
bate and their clerks, and enacts that no other shall be charged.
The general abstract principle, upon which the decision of the
court below was founded, applies with the same force, and must
be equally fatal, to all conveyances of land, under orders of

judges of probate, in case any unauthorized charge has been made, by the judge or clerk of that court. The principle will also be found equally applicable to sales of personal property, under execution, in case any part of the property has gone to pay an illegal or excessive item of fees : if the officer should charge one mile too much travel to serve or return, all his proceedings would be without the protection of the law. If the debtor may, notwithstanding his remedy against the officer, demand his land, he may also reclaim his personal property, as having been wrested from him, by violence, and disposed of, without his consent, and contrary to law. Any distinction betwee the cases must be purely arbitrary.

*Fairfield,*
June,
1826.

Beach
*v.*
Walker.

3. That the late act of the general assembly, declaring all levies to be good, notwithstanding any illegal fees endorsed by the officer, is at all events, decisive of the case. Its direct bearing upon the case will not be questioned ; and the constitutional right of the legislature to pass such an act, has been too often sanctioned, and is too well settled, to make a further discussion of the point necessary or proper. *Goshen* v *Stonington,* 4 *Conn. Rep.* 209. *Mather* v. *Chapman* & al. 6 *Conn. Rep.* 54. The act referred to is a remedial law of the most salutary tendency, and is not only just, but, if the claims of the defendant be well founded, is indispensably necessary to prevent the most flagrant injustice.

*Backus* and *Sherman,* contra, insisted, 1. That the fees charged by the officer, and specified in his return, which have been excepted to, were illegal. They are " items" not specified in the act regulating salaries and fees ; and are, therefore, by the express provisions of that act, *prohibited. Stat.* 393. *tit.* 83. *s.* 13. It makes no difference in the case, that the services for which these charges were made, were necessary, and the charges themselves reasonable. To guard against oppression, under colour of a reasonable discretion, the legislature have drawn the line, explicitly declaring what charges shall be allowed, and prohibiting all others    It is no new thing for a creditor to be subjected to expenses, reasonable and necessary, in the recovery of his debt, for which the debtor is not liable.

2. That if the fees in question were not lawful charges, the levy was void, and no title passed to the plaintiffs. First, the levy was clearly void in relation to the land taken to satisfy the unlawful charges. As the acquisition of title to real estate by

execution is founded on the positive provisions of statute, the party claiming such title must shew, that all the requirements of the statute have been strictly complied with. The statute authorizes the officer "to set out to the creditor so much of the lands as may be sufficient to pay the debt, *and the lawful charges.*" *Stat.* 57. *tit.* 2. *s.* 76. If he sets out enough to pay the debt, and the lawful charges, *and sundry unlawful charges,* he does what he has no authority to do; he takes land, which he has no right to take; and the proceeding, consequently, in relation to such land, is void. Secondly, all the steps in the proceeding constituted an *entire act ;* and if any part was unlawful, the whole was. No discrimination can be made. The creditor cannot say, that he will hold what he might have taken lawfully, and reject the residue. Thirdly, the levy is not helped, by any remedy the debtor may have against the officer. If such remedy existed, it could not affect the title. It would still be true, that the law had not been done; that the debtor's land had been taken from him for what he did not owe; that the creditor had got what did not belong to him. But the debtor has no remedy against the officer; who was employed by the creditor, and has a right to look to him alone for a remuneration of his services and expenses. If the officer has attempted to levy on the debtor's land for other than lawful charges, he has got nothing from him, and has done him no injury. The land is there still; and it belongs to the debtor, as it did before.

3. That the levy was not validated, by the act of *May,* 1826. First, that act does not extend to this case. It provides, that no levy shall be deemed void, because the officer *embraced in his return* other or greater fees than were by law allowable; but it does not provide, that the creditor shall *hold the land* taken to satisfy unlawful charges. But secondly, if this be the true construction of the act, then it is unconstitutional and void: its effect is, not merely to validate an informal proceeding, but to take a portion of one man's land, and give it to another, for nothing. The legislature may validate an informal marriage, as was done in the case of *Goshen* v. *Stonington,* 4 *Conn. Rep.* 209.; but can they make a marriage, where the parties intended none? Can they give *A.* a title to the land of *B*, without cause? Far as our courts have gone in giving effect to confirming acts, this would be taking a bold step beyond any former precedent

HOSMER, Ch. J. The charge to the jury, unquestionably, was correct. The fees of the officer, considered exceptionable by the judge, the law did not authorize, and the levy of the execution being an indivisible act, operating as an entire conveyance of the land set off, if it operate at all, and taking the estate of an individual against his consent, and without the authority of law, was utterly void. It was so, on this undoubted principle; that an act in part legal, but tainted in part with illegality, from the impossibility of separation, and the necessity of the case, is without legal validity. *Stetson* v. *Kempton* & al. 13 *Mass. Rep.* 283. This principle, in relation to the prescriptions of a statute, however the rule may be in reference to a deed, or act at common law, is unquestionable. "The statute" said Lord *Hobart,* in *Malaverer* v. *Redshaw*, 1 *Mod. Rep.* 35. "is like a tyrant; where he comes, he makes all void." *Collins* v. *Blantern*, 2 *Wils.* 347. *Hyslop* v. *Clarke*, 14 *Johns. Rep.* 458. *Austin* v. *Bell*, 20 *Johns. Rep.* 442. *Mackie &* al. v. *Cairns* & al. 5 *Cowen*, 547.; and in the case of *Hyslop* v. *Clarke,* before cited, it was said, by *Van Ness*, J. in delivering the judgment of the court, that "the better opinion seems to be, that now at common law, a deed fraudulent in part, is altogether void." *Fermor's* case, 3 *Rep.* 78. *Wimbish* v. *Tailbois*, 1 *Plowd.* 54. On this point, however, the cases are not uniform. *Norton* v. *Simmes*, Hob. 14. *Malaverer* v. *Redshaw*, 1 *Mod. Rep.* 35.

By the act of the General Assembly, passed in *May*, 1826, relating to the levy of executions on real estate, it is declared, that no former levy of an execution shall be deemed void, because there were embraced in the return of officer's fees other and greater than were by law allowable; but that the liability of the officer shall in no way be altered or affected. *Stat.* 95. (*sess.* 1826.) *sect.* 2.

The law, undoubtedly, is retrospective; but is it unjust? All the charges of the officer on the execution in question are perfectly reasonable, and for necessary services in the performance of his duty; of consequence, they are eminently just; and so is the act confirming the levies. A law, although it be retrospective, if conformable to entire justice, this Court has repeatedly decided, is to be recognized and enforced. *Goshen* v. *Stonington*, 4 *Conn. Rep.* 209. *Mather* v. *Chapman* & al. 6 *Conn. Rep.* 54.

Every act of the legislature intrinsically implies an opinion, that the legislative body had right to enact it; and the judiciary

*Fairfield,*
*June,*
*1826.*

Beach
*v.*
Walker.

will discover sufficient promptitude, if it determine a law to be invalid, that operates by retrospection unjustly on person or property. This principle steers a correct medium, admitting the sovereignty of the legislature to do justice, by an act unquestioned by the court of law; while it equally repels the supposed uncontroulable omnipotence of the same body, to require the observance of an unjust law, in subversion of fundamental rights, and in opposition to the social compact. The question is not free from difficulty; but unless the doctrine sanctioned by the court be embraced, this extreme would be resorted to; that every retrospective law, however just or wise, affecting the property of an individual, must be considered as of no validity. And thus, in cases the most equitable and salutary, the judiciary must deny the legislative right to pass a law, oppressive to no one, and promotive of entire justice; and this upon the authority of general principles. I am not speculatist enough to yield my sanction to this course of proceeding.

Lanman, J. was of the same opinion.

Peters, J. remarked, that his individual opinion was, that the confirming act was void; but the question had been settled otherwise; and he was bound to submit. On the ground of authority alone, he concurred.

Brainard, J., having been absent, when the case was argued, and Daggett, J., having been of counsel, gave no opinion.

New trial to be granted.