GOODMAN *against* NEWELL.

Where three pieces of land were embraced in the same deed, of one of which the grantor was ousted, by the adverse holding of a third person, whereby the conveyance as to such piece was void; it was held, that the conveyance as to the other two pieces was valid.

THIS was an action of ejectment for three separate parcels of land in *Bristol*; tried at *Hartford, September* term, 1838, before *Bissell,* J.

The plaintiff claimed title to the demanded premises, by virtue of the levy of an execution thereon, issued upon a judgment of the superior court, *February* term, 1823, in favour of the administrators of *Abel Lewis,* deceased, against the defendant; by virtue of a quit-claim deed from the defendant to said administrators; by virtue of a subsequent deed of warranty from said administrators to *Alfred Holt,* dated *July* 18th, 1825; and by virtue of a deed of warranty from said *Holt* to the plaintiff, dated *September* 3rd, 1827. The execution was levied on the two parcels of land first described in the declaration; and both the deeds purported to convey to the grantees respectively all the demanded premises, including the three parcels.

The defendant claimed to have proved, that as early as the year 1805, *Noah Lewis* had taken possession of the third parcel of land, and had, from that time to the time of trial, a period of more than thirty years, held and occupied it exclusively, and adversely to all other persons; and that these facts were known to the parties, when they gave and received their respective deeds. If these facts were proved, the defendant insisted, that such deeds were wholly null and void, not only in respect to said third parcel of land, but in respect to all the premises thereby attempted to be conveyed. The plaintiff, on the other hand, claimed, that in such case, the deeds were not wholly void, but were void only in respect to the tract so holden adversely. The parties respectively requested the court to charge the jury in conformity to their respective claims. The court charged the jury in conformity to the claim of the plaintiff; and he obtained a verdict accordingly. The defendant thereupon moved for a new trial for a misdirection.

*Hungerford* and *Toucey,* in support of the motion, contended, 1. That the act of giving, and the act of receiving these deeds, were indictable offences, consummated in the inception of the instruments ; which are, therefore, void.    *The State* v. *Bishop,* 7 *Conn. Rep.* 181. 185.    *Fox* v. *Abel,* 2 *Conn. Rep.* 548. 560.

2. That when a statute creates merely a disability to do a certain act, or prescribes a form in which alone the act shall be effectual, without creating an offence, and without declaring the instrument void, it may, in certain cases, be effectual for other purposes.    *Kerrison* v. *Cole* & al., 8 *East,* 231. *Mouys* v. *Leake* & al., 8 *Term Rep.* 411.    *Doe* d. *Thompson* v. *Pitcher* & al., 6 *Taun.* 359.    *Van Dyck* q. t. v. *Van Bueren* & al. 1 *Johns. Rep.* 344.    But when a bond or other instrument is tainted with illegality, and void, in fact, as against the positive provisions of a statute, it is void *in toto ;* or where a statute prohibits an act, and declares the instrument void, then the instrument, if it falls within the prohibition, is always void.    *Norton* v. *Simmes, Hob.* 12. 14.    13 *Vin. Abr.* 58. *pl.* 13.    *Denn* v. *Dolman,* 5 *Term Rep.* 641.    *Crosley* v. *Arkwright,* 2 *Term Rep.* 603.    *Crawford* & al. v. *Morrell,* 8 *Johns. Rep.* 253.    *Bliss* & al. v. *Negus,* 8 *Mass. Rep.* 46. *Hyslop* & al. v. *Clarke* & al., 14 *Johns. Rep.* 458.    *Austin* & al. v. *Bell,* 20 *Johns. Rep.* 442. 447.    *Mackie* v. *Cairns, Hop. Ch. Rep.* 373.    S. C. in error, 5 *Cowen,* 548.    *Jackson* v. *Packard,* 6 *Wend.* 415.    *Beach* v. *Walker,* 6 *Conn. Rep.* 197.

*W. W. Elsworth* and *Parsons,* contra, insisted, That the deeds were void only as to the land of which the grantor was ousted, and good as to the residue.    This they argued, first, from the *object* and *spirit* of the statute ; which was to prevent the sale of land of which the parties were ousted, and not of any other : that the title of *the land so held* shall not pass.

Secondly, the forfeiture for a conveyance of land contrary to the statute, has reference to, and is measured by, such land, and that only ; " one half of the value *thereof.*"

Thirdly, the word "deeds," as used in this statute, is synonymous with *alienations ;* " all deeds of bargain and sale, leases and *other* alienations."

Fourthly, as one contract and two deeds would not be objec-

tionable ; neither would one instrument embracing two distinct subject matters, or made to two distinct grantees. The clauses may be considered as repeated in reference to each ; so that if the instrument is not good as to one, it may be as to the other. Suppose a grantor, by one deed, conveys to *A* and *B* jointly, a piece of land, which *A holds adversely ;* in which case, one grantee of an undivided whole cannot take. Does this make the whole conveyance void? And yet such a deed would come as much within the letter of the statute, as the deed in question. That a deed is fraudulent and void as to one grantee, does not make it *of course* so as to a co-grantee. If a grantor convey land to *A*, to pay an honest debt, and *B* is a grantee, by the same instrument, for a debt which proves not to be *bona fide ;* this is a fraudulent deed *as an unit ;* but *A* will hold. *Prince* v. *Shepard* & al. 9 *Pick.* 176. 185. *Withers* v. *Bircham* & al. 3 *Barn. & Cres.* 254. *Ludlow* v. *McCrea* & al. 1 *Wend.* 228. 231. *Doe* d. *Thompson* v. *Pitcher* & al. 6 *Taun.* 359.

Fifthly, if parts of a contract be good, and other parts be bad, it makes no difference whether the latter be bad by statute or by the common law ; for both have the same source and authority. *Kerrison* v. *Cole* & al. 8 *East*, 231. 235. *Van Dyck* v. *Van Beuren* & al. 1 *Johns. Rep.* 344. 358. *Mouys* v. *Leake* & al. 8 *Term Rep.* 411. 415.

CHURCH, J. Whether the deeds in question, by reason of the ouster and adverse possession of *Noah Lewis*, are void *in toto*, or good for so much of the land described in them as was in the actual possession of the grantors, at the time of conveyance, is the question to be reviewed.

The 12th section of our statute regarding lands, enacts, " that all deeds of bargain and sale, &c., of lands or tenements, of which the grantor is ousted, by the entry and possession of some other person, unless made to the person in actual possession, shall be void. And any person who shall attempt, by an instrument in writing under his hand, to alien any lands or tenements, of which he is ousted, and every person who shall receive such conveyance, not being in the actual possession of the lands or tenements attempted to be conveyed, shall forfeit one half of the value thereof," &c.

We think a reasonable construction of this section of the

*Hartford, June, 1839.*

Goodman
*v.*
Newell.

statute will fully warrant the plaintiff in the recovery of the two parcels of land of which there was no ouster. The only purpose of the legislature in this enactment, was, to prevent the traffic in, and transfer of, disputed titles to land, and thus, in this particular, to prevent maintenance. The provision in this statute, that the deed shall be void, is only in affirmance of the common law, which disabled a grantor thus ousted, from transferring his title to another. *Co. Litt.* 265 a. note 1. 2 *Bla. Com.* 290. Those deeds, therefore, are only so far void or inoperative, as they are found opposed to this principle of the common law, and prohibited by the affirmatory provisions of the statute. The word " *deed*," in this section, was not used as signifying technically a sealed instrument, but only as equivalent to the words *conveyance, transfer, sale,* &c. Nothing more was meant than, that an ousted owner of land should not convey it. A similar construction by the court of *King's Bench*, was put upon the statute 26 *Geo.* 3. *ch.* 60. There had been an assignment, by way of mortgage, of certain ships ; but it did not contain recitals of the certificates of registry, as required by the 17th section of that act, which declared, that for want of such recitals, *such bill of sale* should be utterly void, to all intents and purposes. It was holden, notwithstanding this omission, that a personal covenant of the mortgagor contained in the bill of sale or assignment, was good ; and that the mortgagor was liable to be sued upon it as a valid covenant for money lent. *Kerrison* v. *Cole,* 8 *East,* 231. And *Le Blanc,* J., in conformity. to the views expressed by the other judges, says : " Where, therefore, the act says, that for want of certain requisites, such *bill of sale* shall be void, it means only, that such transfer of the property shall be void."

The propriety of this construction, we think, is confirmed, by a recurrence to other provisions and language of the section under our consideration. In a subsequent part of it, the word *conveyance* is substituted for the word *deed.* So, too, the amount of the penalty or forfeiture is made to depend, not upon the value of the whole land embraced in the description of the lands attempted to be conveyed, but upon the value only of the lands of which the grantor is ousted.

In the case of *Van Dyck* v. *Van Beuren* & al. 1 *Johns. Rep.* 344., the question here considered was suggested, and *Thompson,* J., said, that the judgment of law upon such a

case, as he apprehended, would be to pronounce the deed in-
operative as to the land held adversely, and good, as to the resi-
due.    *Tompkins,* J., concurred in this opinion ; and *Kent,*
C. J., without denying the position, supposed the conveyance
then under consideration could be supported for other reasons.
13 *Vin. Abr.* 58.    *Williams* v. *Jackson,* 5 *Johns. Rep.* 500.

But here we are met, as the defendant believes, with a rule
of law too well settled, and imperative, to admit the construc-
tion we have put upon this statute.    It is contended, that, as
the act of giving and receiving the conveyance of that parcel
of land, of which the grantors were ousted, is made illegal and
void, by statute, and is punished by forfeiture or penalty, the
entire conveyance is void, and no effect can be given to the
deed.    And in support of this position, we are referred to a
principle frequently found in elementary writers, and some-
times recognized in adjudged cases ; "that if any part or sub-
ject matter of a contract be contrary to a statute, the whole
shall be invalid ; for a statute is like a tyrant ; where he
comes, he makes all void ; but the common law is like a nur-
sing father ; it makes void only that part where the fault is,
and preserves the rest."    1 *Mod.* 35.    11 *Mod.* 94.    *Hob.* 14.
1 *Vent.* 237.    2 *Wils.* 351.    1 *Saund.* 66. note 1.    *Pow. on
Cont.* 199.    *Chitty on Cont.* 228.

The frequency with which this position has been repeated,
and the not unfrequent misapplication of it, may justify a brief
examination of its history and character.

It is admitted, and indeed it is a part of the doctrine itself,
that if part only of a divisible contract be illegal and void at
the common law, such part only is void.    Now, we think it
will be found difficult to suggest any very sensible reason, why
the operation of a statute upon the same contract, should be so
essentially different, as to make it entirely void.    If part or the
whole of a contract be illegal, can it make, in this respect, any
essential difference, by what law it becomes so ?    Is it not as
essentially illegal and void, if illegal at all, when so declared
by common law, as when so pronounced by statute ?    If it is
not, it must be because the common law, when well known
and established, is not of imperative obligation.

We first find this distinction alluded to, in the case of *Lee* &
ux. v. *Coleshill, Cro. Eliz.* 529., in which, under a statute
prohibiting the sale of offices, a bond had been given to perform

certain covenants, some of which, by that statute, were void. In an action on the bond, the whole was adjudged void; and yet the defendant's counsel admitted, that in suit on the covenants, such as were good would have been sustained.

Most of the early cases, in which the distinction was taken between *the operation of the statute law, and the common law,* upon divisible contracts, were upon official bonds, taken, in part, contrary to the provisions of the stat. 23 *Hen.* 6.; and it has been in reference to the special provisions and language of that statute, that it has been likened to a tyrant. That statute prescribed the form of a bond to be taken by the sheriff, of a person arrested, and declared *all others to be void.* It is believed, that the assertion, that, if a part of a divisible contract be declared illegal, and made void by statute, the whole is void, was first distinctly made by Lord *Hobart,* in the strong language before recited, in the case of *Norton* v. *Symmes,* reported in *Hobart's Rep.* 14.; and yet no such principle governed the decision of that case; for that was an action on a bond conditioned for the performance of covenants, some of which, if illegal at all, were made so by the common law; and there was, in that case, a recovery upon the good covenants. This case of *Norton* v. *Symmes* is referred to, in *Bac. Abr. tit.* Sheriff, H. 2.; and the author of that work does not understand the language of the Chief Justice there, as applicable to statutes generally, but only to the stat. *Hen.* 6., which only was under his consideration; for he says: "for upon the stat. 23 *Hen.* 6., *c.* 9., if a sheriff will take a bond for a point against that law, and also for a due debt, the whole bond is void; for *the letter of the statute is so.*" *Lawrence,* J., in the case of *Kerrison* v. *Cole,* views the matter in the same light, and in reference to it, says: "There is indeed a distinction taken in *Hob.* 14., between an avoidance of an instrument by the common law, or by the statute law, that if it be void in part by the statute law, it is void for the whole, but that the common law only avoids so much of it as is bad, leaving the rest which is good; which distinction was alluded to, by Lord Ch. J. *Wilmot,* in *Collins* v. *Blantern,* 2 *Wils.* 251. But these cases, when examined, are easily reconcilable, as in the case of sheriff's bonds, which are only authorized to be taken with a certain condition, and therefore, if they be taken with any other condition, they are void *in toto,* and cannot stand good in part only; but that

does not apply to different and independent covenants in the same instrument, which may be good in part, and bad in part. *Kerrison* v. *Cole*, 8 *East*, 235. And of the same import is the language of *Sutherland*, J., in the case of *Mackie* v. *Cairns*, 5 *Cowen* 564. He says, " Now, I apprehend, if a bond contains provisions which are declared illegal or void by statute, and other provisions which are legal, the whole bond will not be void, unless the statute expressly provides that these illegal provisions shall render the whole bond void." We think this is the true principle ; and that the general expressions to be found in the books apparently of a different import, should be understood, and the doctrine of the cases confined to this explanation of the rule. And we understand nothing more than this was intended by the late Chief Justice of this court, in giving our opinion, in the case of *Weeden* v. *Hawes*, 10 *Conn. Rep.* 50. And so Mr. *Chitty*, in his treatise on contracts, evidently understands the principle ; for after giving the rule in the supposed language of Lord *Hobart*, he continues: " But there are instances in which the invalidity of a part of a deed, by virtue of a statute, shall not destroy the whole ; and the remainder being legal and distinct, shall stand, there being no express words in the act to render the whole void." *Chitty on Cont.* 228.

The modern cases in the *English* courts, we think, have been determined in conformity with this principle, regardless of the unexplained distinction so loosely laid down by Lord *Hobart*. The case of *Gaskell* v. *King*, 11 *East*, 165., was an action of covenant, brought upon the covenants in a lease, whereby the tenant bound himself to pay the property tax, and all other taxes imposed on the premises, or on the landlord in respect thereof. This was illegal and void by stat. 46 *Geo.* 3. *c.* 65.; and yet, it was holden, that this would not avoid a separate covenant in the same lease for the payment of rent, clear of all parliamentary taxes generally, which was a good covenant. So, too, in the case of *Thompson* v. *Pitcher*, 6 *Taun.* 359., it was held, that if there be in a deed one limitation to a charitable use, illegal and void by stat. 9 *Geo.* 2. *c.* 36.; yet this would not avoid other limitations in the same deed which were good. *Doe* d. *Thompson*, v. *Pitcher* & al. 3 *Mau. & Selw.* 407. *Wigg* v. *Shuttleworth*, 13 *East*, 87. *Howe* v. *Synge*, 15 *East*, 440. *Readshaw* v. *Balders*, 4

Hartford,
June, 1839.

Goodman
v.
Newell.

*Taun.* 57.     *Fuller* v. *Abbott,* 4 *Taun.* 105.     *Tinckler* v. *Prentice,* 4 *Taun.* 549.

In cases arising under the statute of frauds and perjuries, as well as under other statutes, it has been often holden, that if one part of an entire and indivisible contract be void, it is void *in toto ;* recognizing certainly a different doctrine as being applicable to cases of contracts like the one under consideration, very distinctly divisible in its character.     *Chater* v. *Beckett,* 7 *Term Rep.* 197.     *Crawford* v. *Morell,* 8 *Johns. Rep.* 253. *Maxfield* v. *Wadsley,* 3 *Barn. & Cres.* 357.     *Blinn* v. *Negus,* 8 *Mass. Rep.* 46.     *Beach* v. *Walker,* 6 *Conn. Rep.* 190.

The defendant seemed to place some reliance upon the circumstance that the statute under consideration affixes a penalty or forfeiture to the act of buying and selling pretended titles.     This does not add to the illegality of the act ; it is intended only to prevent its commission.     Here is nothing *malum in se ;* but only a regulation suggested by motives of policy ; and superadding the forfeiture does not render the act more invalid.

Cases of fraud and usury are very clearly distinguishable from the present.     Actual fraud vitiates all contracts in which it is found.     This has been settled, as much perhaps, for reasons of public policy peculiarly applicable to cases of fraud, as from regard to other considerations derived from the principles of the common law.     In *Fermor's case,* 3 *Co.* 78., it is said, " the common law doth so abhor fraud and covin, that all acts, as well judicial as others, and which of themselves are just and lawful, yet being mixed with fraud and deceit, are, in judgment of law, wrongful and unlawful."     Contracts infected with usury stand very much upon the same ground ; and for good reasons, it has been supposed necessary to tear away all disguises from the infinitely various devises to which resort has been had, to cover up usury and give effect to fraud.     And this could in no more effectual way be done than by declaring contracts to be entirely void in which such illegality has been discovered.     *Hyslop* v. *Clark,* 14 *Johns. Rep.* 458.     *Austin* v. *Bell,* 20 *Johns. Rep.* 447.     *Mackie* v. *Cairns,* Hop. Chan. *Rep.* 373.     *Weeden* v. *Hawes,* 10 *Conn. Rep.* 50.     And many of the statutes on these subjects have in terms so provided.

We think, therefore, that there is no principle of the common law, applicable to this case, which ought to persuade us to give a different effect to these deeds from that given to them by the superior court ; and we cannot advise a new trial.

*Hartford,*
June, 1839.

In this opinion HUNTINGTON and WAITE, Js., concurred.

WILLIAMS, Ch. J., having been of counsel in some part of this controversy, declined giving any opinion.

*New trial not to be granted.*