CHARLES F. ROBERTS *vs.* NATHAN P. MERWIN ET AL.

Third Judicial District, Bridgeport, October Term, 1907.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, JS.

In a suit under General Statutes, § 4053, to quiet and settle the title to real estate, a plaintiff who wholly fails to prove his own title, as alleged, is in no position to call in question the title of the defendant, nor to assign as error rulings of the trial court in respect thereto.

Argued October 29th—decided December 17th, 1907.

ACTION under General Statutes, § 4053, to quiet and settle the title to two tracts of land in the town of Milford, brought to the Superior Court in New Haven County where a demurrer to the complaint was sustained (*Case, J.*), and upon an amended complaint the cause was afterward tried to the court, *George W. Wheeler, J.;* facts found and judgment rendered for the defendants, from which the plaintiff appealed. *No error.*

*George E. Beers*, with whom was *Harry W. Doolittle*, for the appellant (plaintiff).

*William B. Stoddard* and *Omar W. Platt*, with whom was *Robert C. Stoddard*, for the appellees (defendants).

HALL, J.   This is one of the three actions referred to in *Merwin* v. *Backer, ante*, p. 338, involving the question of the ownership of a sandy strip of beach some 800 feet long and from 100 to 200 feet wide, on the shore of Long Island Sound, in the town of Milford, and more particu-

larly described in the statement of facts and by the diagram contained in the opinion in that case.

The plaintiff, Roberts, brings this action against Nathan P. Merwin and the town of Milford, as defendants, to settle the title to the tracts at the northerly and southerly ends of said beach, designated in the map made a part of the finding, and in the diagram above referred to, as Plots 2 and 3, the title to the southerly one of which (Plot 2) was in question in *Merwin* v. *Backer, ante*, p. 338.

The ruling sustaining the defendants' demurrer to the original complaint need not be considered, since the plaintiff was not prejudiced by it, after having been allowed to file a substitute complaint.

The substituted complaint alleges, in substance, as the plaintiff's claim, interest and title to the said two plots, that on February 7th, 1905, one Edward A. Spencer owned and occupied the whole of said strip of beach, having " acquired title in fee simple to the same by adverse possession, such possession being of the land as one entire tract "; that on that day Spencer conveyed to Charles H. Wilcox, Jr., land, including Plots 2, 3 and 4; that on February 11th, 1905, Charles H. Wilcox, Jr., conveyed Plot 2 to Charles E. Backer, and Plots 3 and 4 to George Wilcox; that on August 2d, 1905, Backer conveyed Plot 2 to the plaintiff, and on August 9th, 1905, George Wilcox conveyed Plot 3 to the plaintiff. The complaint further alleges that the defendants claim to own said Plots 2 and 3.

In their separate answers, the defendant Merwin disclaimed any interest in Plot 3, excepting such as he might have as an inhabitant of the town, and claimed title to Plot 2, and alleged that Spencer was never in possession of, and never claimed to own, Plot 2; and the defendant town of Milford disclaimed any interest in Plot 2, claimed title to Plot 3, and alleged that Spencer was never in possession of, and never claimed to own, Plot 3.

The plaintiff filed replies denying the averments of the answers of title in the defendants, and of the absence of title and of possession in Spencer.

Upon these pleadings the trial court rendered judgment in favor of each of the defendants, as to the tract of land to which such defendant disclaimed title, and upon the evidence presented, rendered judgment. in favor of each defendant upon the issues joined as above stated.

The court found that prior to February 7th, 1905, the defendant Merwin was the owner of Plot 2, and that he, as well as certain of his predecessors in title, had occupied it adversely for more than fifteen years, and that the town of Milford had owned and been in possession of Plot 3 from an early time.

As proof of such ownership and adverse occupancy of the defendants, the trial court admitted in evidence, against the plaintiff's objections, certain deeds and distributions covering a period from 1660, when a deed was given from the Indians to one Bryan and by him assigned to the town of Milford, down to a distribution to Merwin, in 1882, of land claimed to include Plot 2; also certain votes of the town of Milford regarding its possession, use and control of Plot 3. The court also made certain other rulings adverse to the plaintiff in the admission and rejection of evidence, and upon claims of law, relating to the title by deed, or by adverse occupancy, of the defendants respectively, to the Plots 2 and 3 in question. These rulings constitute most of the numerous reasons of appeal in this case.

It is unnecessary for us to discuss or even to state the questions raised by such rulings, or to inquire whether or not the trial court correctly held that Merwin and the town of Milford were respectively the owners of Plots 2 and 3, inasmuch as the facts found by the trial court clearly show that the plaintiff has wholly failed to prove his alleged title to either of these tracts. The plaintiff's only claim of title is based on the alleged adverse title of Spencer in 1905, when he gave quitclaim deeds to Charles H. Wilcox of Plots 2, 3 and 4. Concerning Spencer's alleged title, the court finds that he was an ignorant colored man, who in the summer of 1889, without any previous occupation

of or claim of ownership of the land, built, at an expense of some $20, a small house, placed on posts, near high-water mark, on Plot 1; that at different times he added to his house, and that he has ever since lived in it, and occupied Plot 1 in such a way as to have acquired, in February, 1905, a title to it by adverse possession (see *Spencer* v. *Merwin, ante,* p. 330); that while Spencer occasionally used portions of Plot 2, he never occupied it so as to have acquired an adverse title to it, and never believed, or claimed, that he had any title to Plots 2 and 3; that in giving to Wilcox the deeds of Plots 2, 3 and 4, he was a mere passive instrument in the hands of the persons procuring them, and was willing to do what they wished him to, for a few dollars; and that for the land which he then conveyed, which was worth about $2,000, he received about $15.

Upon these facts the trial court committed no error in holding that the plaintiff had no title to the land in question. Upon such failure of his own title the plaintiff cannot be heard to complain of any claimed defect in the titles of the defendants, nor can he maintain an action under the provisions of § 4053 of the General Statutes to settle the title to the two tracts in question.

The application to rectify the appeal is denied.

There is no error.

In this opinion the other judges concurred.