D. HAROLD ROBINSON ET AL. *v.* WALTER C. MEYER ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued June 9—decided August 2, 1949.

*Harry H. Lugg,* for the appellants (plaintiffs).

*Bernard J. Ackerman,* for the appellees (defendants).

JENNINGS, J.  The plaintiffs brought suit in February, 1947, to quiet title to a tract of land in the town of Vernon.  There is no dispute about the location of the piece claimed by both plaintiffs and defendants. The point of beginning is at a concrete marker in the south line of Bolton Road and the line runs thence southerly, at an angle with Bolton Road of 65 degrees 34 minutes, 162.45 feet to a stake; thence westerly about 67 feet to a point in a line drawn perpendicular to Bolton Road through the point of beginning and 150 feet therefrom; thence northerly to the point of beginning.  The tract is triangular and bounds east on land of the plaintiffs and west on land of the defendants and comes to a point in the south line of Bolton Road.

The finding, which cannot be materially corrected, may be summarized as follows: The plaintiffs relied on their record title.  The original deed carved their lot out of a large tract in 1932.  It described the west line as perpendicular to Bolton Road.  This description was repeated in subsequent deeds.  The defendants rely on estoppel, occupation and monuments.  A house was built on the tract now occupied by the plaintiffs in 1932.  A house was also built on the tract now occupied by the defendants in the same year.  A garage and driveway were built on the disputed tract in 1944 by a predecessor in title of the defendants.  The westerly line as claimed by the plaintiffs, described above, bisects the defendants' house.  Half of the defendants' house and their garage and driveway are thus on land

claimed by the plaintiffs. The occupation of the disputed tract by the defendants and their predecessors in title was open, visible and notorious and if continued uninterruptedly for fifteen years would ripen into title by adverse possession.

In the plaintiffs' chain of title is a deed from Howard R. Hastings to one of them, Ruth Evelyn Robinson, dated February 10, 1934. The description in this deed included the disputed tract. The trial court held that Hastings had been ousted of possession of the disputed tract by a predecessor in title of the defendants and that the deed was therefore void as to the disputed tract under the provisions of General Statutes, Rev. 1930, § 5020 (Rev. 1949, § 7105). Ouster which will render a grantor's deed void under this statute is the same which is required to establish adverse possession. *Palmer* v. *Uhl*, 112 Conn. 125, 127, 151 A. 355. The plaintiffs claim that the first intimation they had that the case was to be decided under the statute was when they received the memorandum of decision. The plaintiffs further say that if they had been put on notice of this claim they would have offered evidence to show as a matter of fact that Hastings was not ousted of possession when his deed was given.

The decision reached an obviously just result. The house of the defendants had been built for almost fifteen years. The garage and driveway, built in 1944, completed the actual physical occupation of the entire disputed tract, yet the present action was not brought until three years later. The trial court found, on sufficient evidence, that the owners of both properties had accepted the line claimed by the defendants ever since 1933. It follows that a new trial should not be ordered unless the plaintiffs' technical claim is valid.

The defendants filed an amended answer in which they alleged facts adequate to establish title by adverse

possession if they were proved to have existed for the required length of time. No formal reply was filed but the plaintiffs denied this allegation in open court. The trial court stated in its memorandum of decision that considerable evidence was introduced as to use and occupation of the disputed tract. Our study of the evidence, necessitated by the attacks on the finding, confirms this statement. All the facts necessary to establish ouster and that Hastings' deed was therefore void were alleged in the pleading. See *Missionary Society* v. *Coutu,* 134 Conn. 576, 581, 59 A. 2d 732. Under these circumstances it was not necessary to plead the legal result, although that would have been proper and desirable. *Martin* v. *Sherwood,* 74 Conn. 475, 480, 51 A. 526; *Molineux* v. *Hurlbut,* 79 Conn. 243, 245, 64 A. 350. The situation justified the action of the trial court in applying the statute even though the court's attention was not called to it at the trial, and no injustice was caused the plaintiffs, who had joined issue on the question. Instances where the court has relied on a statute in such a situation will be found in the following cases: *Cunningham* v. *Cunningham,* 72 Conn. 157, 160, 44 A. 41; *Schmidt* v. *Manchester,* 92 Conn. 551, 555, 103 A. 654; *Adley Express Co.* v. *Darien,* 125 Conn. 501, 504, 7 A. 2d 446; *Leary* v. *Citizens & Mfrs. National Bank,* 128 Conn. 475, 479, 23 A. 2d 863.

There is no error.

In this opinion the other judges concurred.