PETER C. LOEWENBERG ET AL. *v.* MINNIE S. WALLACE ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

690

Argued October 11—decided November 22, 1960

*Arthur J. LeClaire, Jr.,* for the appellants (defendants).

*Stewart J. Stowell,* for the appellees (plaintiffs).

KING, J.  The plaintiffs and defendants were the respective owners of record of lots 133 and 132 on a map of property called Aetna Green, in East Hartford.  The map was filed in the town clerk's office in the fall of 1915.  The deeds in the respective chains of title of the parties refer to what, for the purposes of this appeal, is stipulated to be this map.  It shows that the lots adjoin, that of the plaintiffs being next east of that of the defendants.  Both lots front on the southerly side of a street designated on the map as Judson Place; it is now known as Brown Street.  The map gives the frontage of each lot as 60.58 feet and the length of the side lines as 145 feet.  The length of the rear lines is not given on the map but appears to be the same as the front lines.  While the side lines of each lot are equal in length and parallel,

the northwest corner of each is less than a right angle. A fence runs from the point marking the southeasterly corner of lot 132 and the southwesterly corner of lot 133, northerly, in substantially a straight line, to its intersection with the southerly side of Brown Street at a point 5.34 feet easterly of the northwest corner of the plaintiffs' lot 133 as shown on the map. In other words, the fence constitutes the easterly side line of a triangular area having a base of 5.34 feet. This base is coincidental with the westerly portion of the front line of lot 133, and the westerly side line of the triangular area is coincidental with the westerly line of lot 133, as shown on the map.

The plaintiffs purchased their property from Mary Szydlowska by warranty deed dated October 18, 1956. In the deed, the plaintiffs' lot is described as located on the southerly side of Brown Street and as being lot 133 on the Aetna Green map. It is further described as being the property conveyed to Mary Szydlowska by Irving O. and Emma A. Schneider by warranty deed dated May 23, 1953, and recorded in a designated volume and page of the land records. The Schneider deed contains substantially the same description as the Szydlowska deed, referring to the property embraced in the deed as lot 133 on the Aetna Green map. In this action, the plaintiffs allege title in themselves to all of lot 133, the maintenance by the defendants of the fence thereon, and the defendants' claim of an interest in, or title to, the land west of the fence. The relief sought is a judgment determining the rights of the parties in the triangular strip, damages, and any other appropriate equitable relief. The defendants, in a special defense, claimed title to the triangular strip by adverse possession. The remainder of their

answer amounted to a general denial of the allegations of the complaint except the allegation concerning the source of their title to lot 132, which they admitted.

This was a statutory action to clear title, instituted under the provisions of what are now §§ 47-31 and 47-32 of the General Statutes. The complaint generally followed that in Practice Book, Form No. 397, except for the added claims for damages and appropriate equitable relief, incidental to the basic claim involved in the statutory action, an action which is equitable in its essence. *Foote* v. *Brown,* 78 Conn. 369, 377, 62 A. 667. Under the amplification of the statutory action made by chapter 59 of the Public Acts of 1921, which now is embraced in § 47-32, these claims for incidental relief were proper. *Spencer* v. *Merwin,* 80 Conn. 330, 334, 68 A. 370; *Shaw* v. *Spelke,* 110 Conn. 208, 214, 147 A. 675.

Section 47-31 provides that the action may be brought by anyone claiming title to, or any interest in, the property, and that the complaint must set forth this title or interest and the manner in which the plaintiff acquired it. *Gaul* v. *Baker,* 105 Conn. 80, 84, 134 A. 250. One obvious purpose of the latter requirement is to make certain that a plaintiff has, within the purview of the allegations of his complaint, not a mere groundless claim but an actual interest in the property sufficient to justify his instituting an action concerning it and asking the court to adjudicate his rights and those of the parties defendant. Unless a plaintiff has such an interest, he obviously has no right to maintain an action under the statute for the adjudication of any claims concerning the property. *Gager* v. *Carlson,* 146 Conn. 288, 289, 150 A.2d 302; *Ball* v. *Branford,* 142 Conn. 13, 17, 110 A.2d 459; *Padula* v. *Padula,* 138 Conn.

102, 110, 82 A.2d 362; *Spelke* v. *Shaw,* 114 Conn. 272, 282, 155 A. 715; *Borden* v. *Westport,* 112 Conn. 152, 168, 151 A. 512; *Roberts* v. *Merwin,* 80 Conn. 347, 350, 68 A. 377. A plaintiff's proof of an interest necessary to enable him to maintain an action under the statute is technically distinct from his proof of the facts necessary to entitle him to an affirmative adjudication in his favor. It is for this reason that a defendant may, if he chooses, put in issue whether the plaintiff has, within the purview of the allegations of the complaint, title to, or an interest in, the property sufficient to enable him to maintain the action. *Reaney* v. *Wall,* 134 Conn. 663, 671, 60 A.2d 505; *Foote* v. *Brown,* supra. If the allegations of the complaint fail on their face to show in the plaintiff such a title to, or interest in, the property, their insufficiency may be attacked by demurrer. *Gerard* v. *Beecher,* 80 Conn. 363, 368, 68 A. 438; see *Lloyd* v. *Weir,* 116 Conn. 201, 204, 164 A. 386. If a defendant desires to controvert their truth, he may do so by denying them in his answer. *Stevens* v. *Smoker,* 84 Conn. 569, 573, 80 A. 788; cf. *Robinson* v. *Meyer,* 135 Conn. 691, 693, 68 A.2d 142. That was the course followed in the present case.

The defendants claimed that the plaintiffs' grantor was ousted of possession of the triangular strip at the time of the delivery by her of the warranty deed to the plaintiffs in 1956, and that consequently that deed was, as to that strip, void under the provisions of § 47-21 of the General Statutes,[1] and therefore inoperative to convey to the plaintiffs any interest whatsoever in the strip. The defendants attack the

---

[1] "Sec. 47-21. DEEDS OF LAND BY PERSONS OUSTED OF POSSESSION, VOID. Any conveyance or lease, for any term, of any building, land or tenement, of which the grantor or lessor is ousted by the entry and possession of another, unless made to the person in actual possession, shall be void."

conclusion of the court that the plaintiffs had record title to lot 133 as inadequate to support a judgment in their favor, since that conclusion does not constitute a finding of a sufficient interest by the plaintiffs in the disputed strip to permit them to maintain this action to clear title to the strip. This claim is sound. "A mere paper chain of title does not establish ownership in one unless his possession or that of his predecessors in title is shown, though title satisfactorily established may draw with it possession in the absence of any evidence to the contrary. *Foote* v. *Brown,* 81 Conn. 218, 225, 70 Atl. 699." *Mentz* v. *Greenwich,* 118 Conn. 137, 143, 171 A. 10. The conclusion, without more, that the plaintiff had record title to lot 133 was insufficient in this case. Since the court found no other or greater interest in the plaintiffs, a new trial is required. While this is dispositive of the appeal, certain other claims which are likely to arise on a retrial will now be considered.

The defendants claim that no ultimate finding of actual title in the plaintiffs could be made on the subordinate facts as found in this case. The possession necessary to constitute an ouster under § 47-21 is not some fleeting or ephemeral technical invasion of the property nor the occasional technical invasion tolerated by adjoining neighbors on good terms with one another. Rather, it is possession of a character such that it would, if continued for the requisite period, ripen into a title by adverse possession. *Robinson* v. *Meyer,* supra. And where, as here, the ouster is not claimed to have affected other than a definite portion of the property purportedly conveyed by the deed, the statutory invalidity in the deed is restricted in its effect to that portion. *Milardo* v. *Branciforte,* 109 Conn. 693, 699, 145 A. 573; *Hyde* v. *Morgan,* 14 Conn. 104, 107; *Goodman* v.

*Newell,* 13 Conn. 75, 78. The special defense should have been clearly limited to the triangular area in controversy. General Statutes § 47-31.

The court found as a fact that the fence had been in its present position for more than fifteen years. The plaintiffs' deed of acquisition was in 1956. As far as is disclosed by the finding, the defendants were in possession of the triangular strip at the time of the conveyance to the plaintiffs, and the effective boundary between the lots was then, and for a long time previously continuously had been, the fence instead of the westerly line of lot 133 as shown on the map. Under these circumstances, there is nothing in the finding to explain how, in view of the existence, location and character of the fence, and the length of time it had remained in place, the court could conclude, as it must in order to render any judgment in favor of the plaintiffs, that they sustained their burden of proving an interest in the triangular strip sufficient to maintain this action to clear title as to it. *Milardo* v. *Branciforte,* supra. If the deed of the plaintiffs was in fact void as to this triangular strip, by reason of the statute, then they had no interest in the strip at all and judgment as matter of law must be rendered against them. *Borden* v. *Westport,* 112 Conn. 152, 168, 151 A. 512. In view of the plaintiffs' burden of proof, a conclusion that actual title to the triangular area was in the plaintiffs, even if the court had reached such a conclusion, would, in order to stand, have had to rest on subordinate facts sufficient to warrant it. Since the finding failed to set out any such subordinate facts, such a conclusion concerning actual title could not have stood, had it been made. *Buckley* v. *Webb,* 143 Conn. 309, 315, 122 A.2d 220.

Another claim of law on the part of the defendants is that it was incumbent on the plaintiffs to prove the

source of their title to the disputed land by a longer chain of title than the Schneider and Szydlowska warranty deeds, which did not go back of 1953. As previously pointed out, a plaintiff has the burden of proving, within the purview of the allegations of his complaint, an interest in the property in dispute sufficient to justify his maintenance of the action. The plaintiffs here, by their complaint, claimed title by deed to the area in question. They were therefore required to produce their deed of acquisition or show its loss, and to prove, by at least one of the subscribing witnesses, unless both witnesses were shown to be unavailable, the due execution of the deed. *Kelsey* v. *Hanmer,* 18 Conn. 311, 317; *O'Sullivan* v. *Overton,* 56 Conn. 102, 105, 14 A. 300; *Pepe* v. *Aceto,* 119 Conn. 282, 287, 175 A. 775; *New Canaan Country School, Inc.* v. *Rayward,* 144 Conn. 637, 640, 136 A.2d 742. Under our recording acts, deeds in a chain of title prior to the deed of acquisition may be proved by certified copies of record; these are not only evidence of the contents of the originals but prima facie evidence of their existence as valid instruments, executed in the manner indicated by the copies. *Lomas & Nettleton Co.* v. *Waterbury,* 122 Conn. 228, 234, 188 A. 433; *Bolton* v. *Cummings,* 25 Conn. 410, 422; *Kelsey* v. *Hanmer,* supra, 318.

As the defendants point out, one cannot create a title in himself merely by proof of a set of deeds purporting to constitute a chain of title ending with a conveyance to himself. *Foote* v. *Brown,* 81 Conn. 218, 225, 70 A. 699; *Mentz* v. *Greenwich,* 118 Conn. 137, 143, 171 A. 10. Here, the plaintiffs put in evidence their deed of acquisition, as well as the deed running to their grantor, and as far as appears proved possession in the respective grantors and in themselves as to all of lot 133 except for the triangu-

lar strip. How far back of his deed of acquisition one claiming title to property should go in proving his chain of title is not fixed by any particular rule. It really depends upon how far back careful preparation dictates he should go in order best to present his case in the light of the claims of adverse parties. For the reasons pointed out, it was necessary for the plaintiffs to meet the claim that their grantor was ousted from the triangular strip on the date of delivery of their deed of acquisition. As far as the finding discloses, neither the plaintiffs nor their predecessors in title had been in possession of the triangular area in dispute at the respective dates of delivery of the two deeds laid in evidence or, for that matter, at any previous times. Therefore as to that area, the plaintiffs failed to prove any interest whatsoever in themselves. As far as title to the rest of the lot was concerned, it could not be said, since that title does not appear to have been in any way attacked on the trial by the defendants, that proper proof of the plaintiffs' deed of acquisition was necessarily insufficient. *Foote* v. *Brown,* supra, 226; *Mentz* v. *Greenwich,* supra.

The defendants further claim that the court had to find that they had proved title in themselves to the triangular strip by adverse possession. Here, it must not be overlooked that we are no longer concerned with the plaintiffs' burden of proving a sufficient interest in the triangular strip to permit them to maintain the action, but with the burden of the defendants to prove the facts necessary for an affirmative adjudication of title in themselves. Section 47-31 of the General Statutes provides that in an action such as this "[e]ach defendant shall, in his answer, state whether or not he claims any estate or interest in, or encumbrance on,

such property, or any part thereof, and, if so, the nature and extent of the estate, interest or encumbrance which he claims, and he shall set out the manner in which such estate, interest or encumbrance is claimed to be derived." Under this statute, if a defendant claims no interest in the premises affected, he ordinarily must so state in his answer, and if he claims any interest he ordinarily must describe it, and the manner in which he acquired it, in his answer. *Miles* v. *Strong*, 68 Conn. 273, 287, 36 A. 55. If a judgment is to adjudicate, affirmatively, that any interest or title is in a party to the statutory action, that party ordinarily must have alleged such interest in his complaint or answer, as the case may be, and must have proven it. *Orentlicherman* v. *Matarese*, 99 Conn. 122, 128, 121 A. 275.[2] This is but an application of the settled rule that in a controversy under § 47-31 over the title to, or an interest in, real estate, a party can prevail, that is, can obtain an adjudication of title or an interest in himself, if at all, only on the strength of his own title or interest as distinguished from the weakness of the title or interest of his adversaries. This is true as to a plaintiff, both as to proof of an interest in the property sufficient to entitle him to maintain the action and as to proof of the facts necessary for him to obtain an affirmative adjudication of title or an

---

[2] It perhaps should be noted that in the few cases where the complaint correctly alleges the plaintiff's ownership and also the defendant's claim, based on admitted facts showing the nature, extent and derivation of his title or other interest, the defendant may, in his answer, simply admit the allegations of the complaint, since he thereby puts in issue the questions of law determinative of the conflicting claims of title. See cases such as *Hartford-Connecticut Trust Co.* v. *Cambell*, 95 Conn. 399, 403, 111 A. 864. Under all ordinary circumstances, however, the statutory procedure must be followed. So to do is the course of safety. *Robinson* v. *Meyer*, 135 Conn. 691, 693, 68 A.2d 142.

interest in himself. *Pepe* v. *Aceto,* 119 Conn. 282, 286, 175 A. 775. It is also true as to a defendant, if he is to obtain an affirmative adjudication of any title or interest in himself. *Dawson* v. *Orange,* 78 Conn. 96, 119, 61 A. 101; *Bridgeport Hydraulic Co.* v. *Sciortino,* 138 Conn. 690, 695, 88 A.2d 379.

As to the issue whether title to the triangular strip was in the defendants by adverse possession, they had the burden of proof. *Dawson* v. *Orange,* supra; *Bridgeport Hydraulic Co.* v. *Sciortino,* supra. We cannot say as matter of law that the court was required to find that this issue was affirmatively proven. The mere fact that the fence had been in place for over fifteen years would not, in and of itself, as matter of law, require a finding of acquisition of title by adverse possession. See cases such as *Bridgeport Hydraulic Co.* v. *Sciortino,* supra; *Palmieri* v. *Bulkley,* 137 Conn. 40, 42, 74 A.2d 475.

The other claims of error do not require discussion in view of our disposition of the case.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.