[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO OPEN JUDGMENT
On June 24, 1992, the plaintiff herein moved this court to open its judgment of June 4, 1992 and to allow reargument.
After a hearing thereon, the Court denies the motion to open the judgment.
The Court acknowledges that certain findings made at the time of trial were inadvertently omitted from its decision. The court now includes such findings and makes more articulate certain other findings previously set forth in the judgment of June 4, 1992.
The court finds that the defendants have established by clear and convincing evidence their claim of title by adverse possession in and to a certain piece or parcel of land situated in the Town of Litchfield. Said parcel, hereinafter referred to as the subject property, is found to be 216 feet long and 33 feet wide and situated immediately south of and contiguous to the southerly boundary of the defendants' residence at 21 Clark Road.
Said subject property consists of the northerly one-half of "Parcel A" as set forth in Plaintiff's Exhibit 34.
The court finds that the defendants have adversely possessed the subject property for more than 15 years.
The evidence adduced at trial permits a finding that the defendants entered onto and took possession of the subject property upon their belief that the title to said property had reverted to them as a result of the discontinuance of an old highway which, according to their deed, bounded their property on its southerly border. They further testified that their use was a continuation of somewhat similar uses by their predecessor in title.
The plaintiff claims that upon the discontinuance of the public road in 1973, fee to the roadway reverted to the plaintiff alone.
Regardless of the consequence of the discontinuance, the defendants did, in fact, enter into possession of the subject property, a distance of 33 feet south of their southerly border and remained in possession for more than 15 years. Their possession was open, notorious, continuous, exclusive of all others and in their minds, by right.
The acquisition of title by the defendants was accomplished under law even though the defendants may have believed they were not assuming a possession to which they were not entitled. Loewenberg v. Wallace, CT Page 9044151 Conn. 355 (1964).
When an adverse possessor acts under an honest belief that he is not assuming a possession to which he was not legally entitled, and that belief ultimately proves to be a mistaken one, it is immaterial that that intent . . . sprang from an honest, even though mistaken belief as to the land embraced in their deed of acquisition. Schulz v. Syvertsen,219 Conn. 81, 90 (1991).
The plaintiff claims the subject property was conveyed to her on November 29, 1982, in a warranty deed from George H. Vandewater, as part of a larger piece depicted as "Parcel A" in Plaintiff's Exhibit 34. For that reason, she commenced the instant action to quiet title and adjudicate the defendants as being trespassers, or, in the alternative, to recognize an easement in the plaintiff over the subject property.
Based upon the evidence and testimony, the court finds that at the time of his conveyance to the plaintiff, and for some time prior thereto, George H. Vandewater had been ousted of possession of the subject property by the entry and possession of the defendants pursuant to the provisions of Sec. 42-71, Conn. Gen. Stat. That statute provides that a person cannot convey valid title to real property if he, himself, is ousted by another. Possession necessary to constitute ouster under that statute is not some fleeting or ephemeral technical invasion . . . but rather, it is possession of a character such that it would, if continued for the requisite period, ripen into title by adverse possession. Robinson v. Meyer,135 Conn. 691, 693; Loewenberg v. Wallace, 147 Conn. 689, 694 (1960).
As previously found by this court, the defendants' possession of the subject property not only could have but indeed did ripen into title by adverse possession in this case. The defendants' presence on the property was well known to both the plaintiff and her grantor as evidenced by correspondence from the plaintiff to Mr. Vandewater. (Defendants' Exhibit 1.) In fact, the payment of the one-half of consideration for the property was made in a promissory note, due and payable at such time as the defendants' interest in the subject property was adjudicated in court. (Defendants' Exhibit 2.)
The Court finds that pursuant to Sec. 47-21, C.G.S., the conveyance of the subject property by Vandewater to the plaintiff is void and, consequently, the plaintiff is without standing to contest the defendants' title in and to the subject property.
In any controversy under Sec. 47-31, C.G.S., over title to or interest in real estate, a party can prevail, that is obtain an adjudication CT Page 9045 of title or an interest in himself, if at all, only on the strength of his own title or interest, as distinguished from the weakness of the title or interest of his adversaries. Loewenberg v. Wallace, 147 Conn. 689,698 (1960). Having failed to prove her own title, the plaintiff is not permitted to question that of the defendant. Ball v. Branford, 142 Conn. 13,17 (1954), Marquis v. Drost, 155 Conn. 327 (1955).
One cannot create a title in himself merely by proof of a set of deeds purporting to constitute a chain of title ending with a conveyance to himself. Loewenberg, supra, 147 Conn. 689, 696 (1960).
The plaintiff has sought a finding by the court that she is entitled to an easement across the subject property, notwithstanding any title by adverse possession in the defendants.
The law is settled in this state that an easement over a right of way can be extinguished by the adverse acts of another if the court finds those acts to be "open, hostile, visible, notorious, adverse, uninterrupted and . . . continuous" by one acting under a claim of right. Russo v. Terek,7 Conn. App. 252, 255 (1986).
This court finds those facts to be so in the instant case and, consequently, rules that any easement previously enjoyed by the plaintiff is extinguished by the adverse possession of the subject property by the defendants.
The plaintiff citing Philips v. Palakewitz, 17 Conn. App. 476 (1989), has argued that her right as an abutting landowner to enjoy a private easement over the portion of the subject property which was formally a public highway survives its discontinuance.
As noted in this court's Memorandum of Decision, the facts in the instant case are distinguishable from those in Philips for the reason that the court has found title by adverse possession in the defendants more than 15 years having passed since both the discontinuance of the public highway and since the commencement of the adverse use by the defendants. The private easement, if it ever existed in the plaintiff, is extinguished by the adverse title of the defendant.
For the foregoing reasons the Court denies the plaintiff's motion to open the judgment and, by way of articulation, reiterates its judgment both against the plaintiff and in favor of the defendants, finding title to the subject property to be in them.
JOSEPH W. DOHERTY, J. CT Page 9046