ELIJAH S. BALL *v.* TOWN OF BRANFORD ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued November 2—decided December 21, 1954

*T. Holmes Bracken,* with whom, on the brief, was *Richard L. Reilly,* for the appellant (plaintiff).

*William J. Willetts,* with whom, on the brief, was *Griswold Morgan,* for the appellee (defendant Malloy).

*Macgregor Kilpatrick* appeared for the appellee (named defendant).

O'SULLIVAN, J. The plaintiff brought this action to obtain an injunction restraining the defendants, the town of Branford and William H. Malloy, from interfering with the plaintiff's possession of certain oyster lots. The plaintiff also sought a judgment declaring invalid a grant of the lots from the town to Malloy, as well as a decree quieting title in the plaintiff and fixing the proper boundaries. The court found all the issues for the defendants but it did enjoin Malloy from interfering, during the course of a month, with the removal of spawning oysters which the plaintiff had previously planted upon the lots in question. From the judgment the plaintiff has appealed.

Although the plaintiff, in his assignments of error, has attacked many facts in the court's finding as having no support in the evidence, an examination of the transcript printed in the defendant Malloy's appendix indicates that the attack is wholly without merit. Equally futile is the plaintiff's effort to add thirty-seven paragraphs to the finding on the ground that the requested additions consist of admitted or

undisputed facts. The effort amounts to nothing more than a request to us to accept, upon the conflicting evidence presented by the parties at trial, the version of the facts to which the plaintiff's witnesses testified. It is for the trier to pass upon the credibility of witnesses. *Eastern Sportswear Co.* v. *S. Augstein & Co.*, 141 Conn. 420, 422, 106 A.2d 476; Maltbie, Conn. App. Proc., p. 122. This court cannot retry the case. *African Methodist Episcopal Church* v. *Jenkins,* 139 Conn. 418, 423, 94 A.2d 618.

No good purpose will be served by reciting the many complex facts found by the trier. For the purpose of this appeal, the following statement will suffice: The case involves the plaintiff's alleged rights in an oyster plantation consisting of four lots, known as Nos. 299, 302, 307 and 308, all lying under water between Flying Point and Leete's Island in the vicinity of the Thimble Islands. These lots, as well as those subsequently mentioned, lie within that part of Long Island Sound which falls within the territorial limits of the town of Branford and over which the selectmen of the town, by statute, are empowered to designate oyster lots to private persons. See General Statutes §§ 5025, 5102 and Cum. Sup. 1953, § 1924c.

In 1924, the plaintiff obtained, by quitclaim deed, the rights in numerous oyster lots then owned by the Stony Creek Oyster Company, a corporation that had been in the business of planting and cultivating oysters since 1870. During the course of its long existence this corporation had from time to time bought from others various oyster grants. A large number of deeds to the corporation are on record, but the boundaries of many of its lots are hard to ascertain or fix since they refer to rocks in the water and to various landmarks, including eel grass, which

in the course of years have often disappeared completely or have changed their position. Subsequent to 1924, the plaintiff acquired additional lots from other parties.

On May 8, 1951, the defendant Malloy applied in writing to the selectmen of Branford for the designation to him of the four lots in question. The town clerk certified on the application that he had made a careful and thorough search of the oyster records of the town and that he was of the opinion that the four lots had not been previously designated. On October 30, 1951, the selectmen accepted Malloy's application and made the requested designation.

In recent years the plaintiff has used some parts of the lots in dispute for the cultivation of oysters. At the time of trial there were over 2000 bushels of spawners which he had planted thereon. These had a market value of $8000.

From the foregoing and from various other unnarrated facts, the court reached the conclusion that lots Nos. 299, 302, 307 and 308 had not been previously designated, that the plaintiff had failed to sustain the burden of proving that they had been designated to him or that he otherwise had acquired them, and that the plaintiff ought to have a reasonable time to remove his spawners.

The assignments of error, except those addressed to the requested correction of the finding, fall into two main categories. Expressly conceding that he could not acquire title by adverse possession against the town (*Town of Clinton* v. *Bacon,* 56 Conn. 508, 517, 16 A. 548), the plaintiff first contends that the deeds, admitted in evidence, establish his title to the disputed acreage. This contention, however, must fail. The court was confronted with the necessity of ascertaining the location of the ambiguously de-

scribed boundaries set forth in the deeds upon which the plaintiff's claim rested. The controlling inquiry was what did the descriptions in the deeds mean and where was the described land situated. *Bristol Mfg. Co.* v. *Barnes,* 54 Conn. 53, 56, 5 A. 593. To resolve this problem, the court had to rely upon the opinion of experts. Unfortunately they could not agree. Those called by the plaintiff placed the boundaries in such a position that the lots fell within his acreage; those testifying for the defendants took a contrary position. In the face of this conflict, the court's duty was to accept that testimony which appeared more credible. *Morgan* v. *Keefe,* 135 Conn. 254, 258, 63 A.2d 148. In view of the ambiguity of the descriptions, we cannot say that the court erred in ruling that the plaintiff had failed to prove, as alleged in the complaint, that "[f]or more than twenty years . . . [he] has been . . . and still is the owner of . . . Lots #299, 302, 307 and 308."

The other category into which the assignments of error fall is concerned with attacks upon the validity of the designation to Malloy. There is no merit to these. The plaintiff must prevail on the strength of his own title and not on the weakness of his adversary's. *Roberts* v. *Merwin,* 80 Conn. 347, 350, 68 A. 377. Since the plaintiff failed to prove his own title, he is not permitted to question that of the defendant Malloy or to assign as error rulings relating to the latter's title. *Borden* v. *Westport,* 112 Conn. 152, 168, 151 A. 512.

Other questions raised by the plaintiff require no discussion.

There is no error.

In this opinion the other judges concurred.