SYDNEY ROSENBLUM ET AL. *v.* GUSTAF A. CHELLSTROP
ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 149485

Memorandum filed March 3, 1969

*Gilman & Marks,* of Hartford, for the plaintiffs.

*Butler, Volpe & Sacco,* of Hartford, for the defendants Chellstrop and Eisenhauer.

*Camp, Williams & Richardson,* of New Britain, for the defendant Connecticut Sand and Stone Corporation.

McGRATH, J. The complaint is in two counts. The first count seeks to establish a boundary between the plaintiffs and the corporate defendant which is uncertain because of ambiguities in their respective

deeds and a declaratory judgment thereon. The second count seeks a declaratory judgment with respect to the right of the plaintiffs to remove fill from the corporate defendant's property.

On February 5, 1965, Farmington River Company granted to Frank Rivers an option for thirty days from date to purchase the property described in the option. This option agreement granted to the buyer, his heirs and assigns, the right to remove from the adjacent property then owned by the Farmington River Company (now owned by the corporate defendant), without cost but at the buyer's expense, a sufficient quantity of fill to bring the optioned property to a level acceptable to the buyer and the town of Farmington. The option also provided that it could be extended for two additional periods of thirty days each upon the payment by the buyer to the seller of the additional sum of $500 for each such renewal.

On February 8, 1965, Frank Rivers assigned his option to the plaintiffs. By agreement dated March 30, 1965, the original option was amended to provide for six additional periods of thirty days each. On June 28, 1965, the Farmington River Company by warranty deed conveyed the entire tract to the corporate defendant, excepting and reserving that certain tract of land described in the option agreement. The deed of conveyance to the corporate defendant also recited that the premises were subject to, among other things, all the terms, conditions, covenants, agreements, drainage rights and rights of way in the option agreement. On June 29, 1965, the option was again amended to provide for ten extended periods of thirty days each instead of the six additional periods.

Having exercised their option, the plaintiffs took title to the property by deed of the defendants

Chellstrop and Eisenhauer (successors in title to Farmington River Company) dated May 6, 1966. The description used in the plaintiffs' deed differed, however, from that used to describe the reserved tract in the earlier deed to the corporate defendant. The courses of some of the lines were changed by more than a degree of arc, and, whereas the corporate defendant's deed defined the length of the easterly line of the tract as 630 feet "more or less" and the southerly line as "running northwesterly in a line substantially parallel to the north bank of the Farmington River," the plaintiffs' deed fixed the easterly line at 630 feet exactly and defined a course, by course and distances, intended to be substantially parallel with the northerly waterline of the Farmington River as it was in March, 1965.

At the request of the plaintiffs, William F. Grunewald, a licensed land surveyor, performed a survey in March, 1965, of the property to be conveyed to the plaintiffs. At the trial, Grunewald testified that a map dated March, 1965, depicts his interpretation of the description set forth in the option agreement. The corporate defendant, Connecticut Sand and Stone Corporation, offered no evidence relative to the disputed boundary. The testimony offered by Grunewald was neither disputed nor impeached. The controlling inquiry, in cases where the court is confronted with ascertaining the location of an ambiguously described boundary, is what the description means and where the described land is situated. To resolve such problems, the court must rely upon the opinion of experts. *Ball* v. *Branford,* 142 Conn. 13, 17; *Bristol Mfg. Co.* v. *Barnes,* 54 Conn. 53. The survey of a parcel of real property and the testimony of an experienced surveyor concerning the manner in which the survey was made are substantial evidence tending to

prove the location of the boundaries of such property. *Kramp* v. *Toledo Edison Co.,* 114 Ohio App. 9.

Therefore, in view of the above, the court finds that the plaintiffs have sustained their burden of proving that the boundaries to their property are as set forth in the complaint. Judgment may enter in favor of the plaintiffs on the first count.

In the second count, the plaintiffs seek a determination as to whether they acquired the right to remove fill from the Connecticut Sand and Stone Corporation's property for use on the plaintiffs' adjoining property. As stated in the facts at the beginning of this memorandum, on February 5, 1965, the Farmington River Company granted to Frank Rivers an option to purchase a portion of a tract owned by it for a price of $50,000, exercisable within thirty days. The agreement contained a provision that the seller would permit the buyer "to remove from the adjacent property of the seller, without cost but at the buyer's expense a sufficient quantity of fill to bring the herein described property to a level acceptable to the buyer and the Town of Farmington."

On February 8, 1965, the option was assigned to the plaintiffs. By the terms of the agreement, the option was renewable at the option of the buyer for two additional periods of thirty days each. The option by its terms expired March 7, 1965, but the plaintiffs exercised their right to extend the option for two additional periods of thirty days. The first extension expired April 6, 1965, and the second expired May 6, 1965. Before the first extension expired, on March 30, 1965, the parties amended the option agreement to make it renewable for six, instead of two, additional thirty-day periods. This added four possible thirty-day extensions which ex-

pired on September 3, 1965. These four additional extensions extended the option period, respectively, to June 5, 1965; July 5, 1965; August 4, 1965; and September 3, 1965.

On June 28, 1965, the Farmington River Company by warranty deed conveyed its remaining land adjoining the optioned premises to the Connecticut Sand and Stone Corporation subject to the option agreement with Frank Rivers dated February 5, 1965, and assigned to the plaintiffs on February 8, 1965, and amended on March 30, 1965. Neither the option agreement nor the assignment nor the extension had, at this time, been recorded in the Farmington land records, but all three documents were known to the defendant Connecticut Sand and Stone Corporation and were referred to in its deed. Under the terms of its deed, that defendant took the land with the understanding that, at any time up to September 3, 1965, the plaintiffs might, by renewing their option, acquire the optioned premises and, with it, the right to take fill from the land of the Connecticut Sand and Stone Corporation.

On the day following this conveyance, namely, June 29, 1965, the Farmington River Company, which was now the owner of the tract optioned to the plaintiffs and of no land adjoining it, purported to agree with the plaintiffs that the option agreement be amended to permit four additional extensions of thirty days. These four additional extensions purportedly extended the option period, respectively, to October 3, 1965; November 2, 1965; December 2, 1965; and January 1, 1966.

On January 4, 1966, after the expiration of the last extension, the Farmington River Company received written notice of the plaintiffs' intention to exercise the option. On January 26, 1966, the original option, the assignment, and the extension agree-

ment of March 30, 1965, were recorded in the Farmington land records, but the agreement of June 29, 1965, was never recorded. The option agreement allowed a period of thirty days, after notice of intention to exercise the option, within which to close the sale. This period expired February 3, 1966. On May 6, 1966, the property was conveyed to the plaintiffs. The following month, June, 1966, the plaintiffs made demand on the defendant Connecticut Sand and Stone Corporation for permission to remove fill.

Once the Farmington River Company had conveyed its land to Connecticut Sand and Stone Corporation, its power to subject that property to further servitudes or extensions of servitude ceased. The purchaser, Connecticut Sand and Stone Corporation, took subject to any previously created servitudes of which it had notice, actual or constructive, but it did not take subject to any of which it had no notice, much less, any which had not even been created.

In this case, the purported extension of the option dated June 29, 1965, did not occur until after the defendant Connecticut Sand and Stone Corporation had acquired the property and the Farmington River Company had conveyed away all its interest.

For the foregoing reasons, the court finds that the defendant Connecticut Sand and Stone Corporation acquired its land free of any rights of the plaintiffs under any extension of the option agreement beyond September 3, 1965, the maximum extension permissible under the extensions mentioned in its deed, and that the option and all extensions had expired prior to being exercised by the plaintiffs, and the plaintiffs' right to take fill expired with the option. Therefore, judgment may enter for the defendant Connecticut Sand and Stone Corporation on the second count.