******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RONALD F. BOZELKO *v.* STATEWIDE
CONSTRUCTION, INC., ET AL.
(AC 40459)

DiPentima, C. J., and Moll and Sullivan, Js.

*Syllabus*

The plaintiff, who owned property that abutted property of the defendants,
sought to quiet title to a triangular strip of land to which all of the
parties claimed title. Following a trial to the court, at which the parties
submitted evidence of their chains of title, the trial court found in favor
of the defendants, concluding that the defendants are the owners of the
parcel and that the plaintiff had no right, title or interest in the disputed
parcel. From the judgment of the trial court quieting title in favor of
the defendants, the plaintiff appealed to this court. *Held* that the trial
court's factual finding that there was a break in the plaintiff's chain of
title and, thus, that the plaintiff had no right, title or interest in the
disputed parcel was not clearly erroneous; in making that determination,
the court credited the conclusions of the defendants' expert witness
that the disputed parcel was outside the plaintiff's chain of title, it was
not for this court to pass on the credibility of the witnesses, the court's
factual finding was supported by the evidence in the record, and the
plaintiff, having failed to establish that he has title to the disputed parcel,
was not entitled to challenge the court's conclusion that the defendants
own the parcel.

Argued November 29, 2018–officially released April 23, 2019

*Procedural History*

Action to quiet title to certain real property, brought
to the Superior Court in the judicial district of New
Haven and tried to the court, *Hon. Richard E. Burke*,
judge trial referee; judgment for the defendants, from
which the plaintiff appealed to this court. *Affirmed.*

*Ronald F. Bozelko*, self-represented, with whom, on
the brief, was *Ira B. Grudberg*, for the appellant
(plaintiff).

*Michael E. Burt*, for the appellees (defendants).

*Opinion*

DiPENTIMA, C. J. The plaintiff, Ronald F. Bozelko, appeals from the judgment of the trial court, rendered following a trial to the court, in favor of the defendants, Statewide Construction, Inc., and Robert Pesapane, in an action to quiet title under General Statutes § 47-31. On appeal, the plaintiff claims that the court's conclusions with respect to his quiet title claim are improper. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of this appeal. In 2011, the plaintiff commenced an action against the defendants seeking to quiet title to property known as 105 McLay Avenue in East Haven. In their amended answer, the defendants admitted the allegation in the operative complaint that they may claim an interest in whole or in part in 105 McLay Avenue. The defendants denied the remainder of the allegations in the complaint and did not assert any special defenses or counterclaims, but made a statement in their amended answer, pursuant to § 47-31 (d), that they each owned a portion of 105 McLay Avenue. At trial, the parties submitted evidence of their chains of title. Following trial, the court found in its memorandum of decision that the defendants are the owners of 105 McLay Avenue "in various proportions." This appeal followed.

On appeal, the plaintiff contends that the court erred in its conclusion as to the ownership of 105 McLay Avenue. Specifically, he argues that the evidence he submitted at trial established that he has title to 105 McLay Avenue. We disagree.

We first set forth our standard of review. Section 47-31 (a) provides in relevant part: "An action may be brought by any person claiming title to . . . real . . . property . . . against any person who may claim to own the property, or any part of it . . . adverse to the plaintiff . . . to clear up all doubts and disputes and to quiet and settle the title to the property. Such action may be brought whether or not the plaintiff is entitled to the immediate or exclusive possession of the property." In *Har* v. *Boreiko*, 118 Conn. App. 787, 986 A.2d 1072 (2010), we stated: "Under § 47-31, the claim for relief calls for a full determination of the rights of the parties in the land. . . . To prevail, the plaintiff must do so on the strength of [his] own title, not on the weakness of the defendants' . . . and by the preponderance of the evidence." (Citations omitted; internal quotation marks omitted.) Id., 795.

"Whether a disputed parcel of land should be included in one or another chain of title is a question of fact for the court to decide. . . . In such a determination, it is the court's duty to accept the testimony or evidence that appears more credible. . . . It is well settled that we review the court's findings of fact under

the clearly erroneous standard. We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . . .” (Citations omitted; internal quotation marks omitted.) *Highstead Foundation, Inc.* v. *Fahan*, 105 Conn. App. 754, 758–59, 941 A.2d 341 (2008).

At trial, both parties agreed that the first deed in the plaintiff’s chain of title, a warranty deed recorded in July, 1924, by which Lyman A. Granniss transferred a thirty acre parcel of land known as “Pond Lot” to John H. Howe, included a parcel that would later become known as 105 McLay Avenue. The next deed in the plaintiff’s chain of title is an October, 1924 warranty deed by which Howe transferred to Gertrude H. LaBell and Emma G. McLay the parcel of land referenced on a 1924 McLay Heights subdivision map (1924 subdivision map), with the exception of lots one through forty. The plaintiff claimed that the deed from Howe to LaBell and McLay included 105 McLay Avenue, and the defendants disagreed.

The 1924 subdivision map included a street named McLay Avenue. It is not disputed that 105 McLay Avenue is a triangular portion of land that comprises a portion of McLay Avenue as shown on the 1924 subdivision map, and that 105 McLay Avenue appears to have been created in the late 1980s when McLay Avenue was reconfigured. See footnote 2 of this opinion.

The remaining conveyances in the plaintiff’s chain of title are as follows. By a judgment of strict foreclosure in 1972, the town of East Haven obtained LaBell and McLay’s property. By a quitclaim deed dated January 24, 1985, East Haven conveyed the parcel, which the plaintiff claims included 105 McLay Avenue, to Joseph J. Farricielli, who then transferred that same parcel to Laurelwood Associates, Inc., by warranty deed dated February 22, 1985. In 1985, Laurelwood Associates, Inc., transferred the parcel by quitclaim deed to Edward Coventry and Walter T. Nichols, who conveyed the property back to Laurelwood Associates, Inc., by quitclaim deed in 1986. Laurelwood Associates, Inc., then conveyed 105 McLay Avenue to Chalja, LLC, by a 2005 warranty deed, which company then transferred 105 McLay Avenue to the plaintiff by quitclaim deed in 2010. The defendants submitted evidence of a number of breaks in the plaintiff’s chain of title and contended that East Haven had conveyed 105 McLay Avenue to Statewide Construction, Inc., in August, 2005, by quitclaim deed, and Statewide Construction, Inc., subsequently conveyed a portion of 105 McLay Avenue to Pesapane in October, 2005.[1]

In its memorandum of decision, the court found that

the plaintiff has no right, title, or interest in 105 McLay Avenue. The court found that the defendants had "convincingly assert[ed] that the metes and bounds of the plaintiff's deeds do not reach the triangle known as 105 McLay [Avenue]." Specifically, the court stated that "the map appended to the deed from [Farricielli] to Laurelwood Associates [Inc.] . . . known as map showing property to be acquired by . . . Farricielli from the town of East Haven . . . completely destroys the plaintiff's argument that he is the owner of 105 McLay Avenue," and noted that this finding is supported by the testimony of Attorney Daniel C. Ioime, an expert witness who testified on behalf of the defendants. (Internal quotation marks omitted.)

The deed from East Haven to Farricielli states that the property to be conveyed is bounded northerly "by McLay Avenue (undeveloped), as shown on said map, 303.18 feet . . . ." The map showing the property to be acquired by Farricielli from East Haven, which was revised in 1983 (1983 map), shows the parcel being conveyed as being bounded on the north by McLay Avenue. Ioime marked the 1983 map to show the placement of the parcel that would later become 105 McLay Avenue in relation to the land contained within the description of the deed.[2] Ioime also marked the 1983 map to demonstrate that lots 50, 51, and 52, which correspond to 91, 95, and 99 McLay Avenue, were located on the northerly side of McLay Avenue, and marked the property conveyed as being located to the south of McLay Avenue. The 1924 subdivision map shows lots 50, 51, and 52 as being located on the northerly side of McLay Avenue, and Ioime testified that the parcel drawn in red, which abutted those lots, represented 105 McLay Avenue. Ioime stated that lots 50, 51, and 52 were outside the description in the deed from East Haven to Farricielli.[3]

Ioime testified that 105 McLay Avenue was outside the description of the property conveyed in the quitclaim deed to Farricielli by East Haven. Ioime further testified that the warranty deed from Farricielli to Laurelwood Associates, Inc., which contains the same legal description of the property as the quitclaim deed from East Haven to Farricielli, does not include 105 McLay Avenue. The court credited Ioime's testimony that 105 McLay Avenue was outside the plaintiff's chain of title. "We cannot retry the facts or pass on the credibility of the witnesses." (Internal quotation marks omitted.) *Highstead Foundation, Inc.* v. *Fahan*, supra, 105 Conn. App. 759.

Accordingly, the court's finding that there was a break in the plaintiff's chain of title is not clearly erroneous. See *FirstLight Hydro Generating Co.* v. *Stewart*, 328 Conn. 668, 678, 182 A.3d 67 (2018) ("issue [of whether] land [is] included in one or the other chain of title [is] a question of fact for the court to decide"

[internal quotation marks omitted]). As a result, the subsequent conveyances in the plaintiff's chain of title did not include 105 McLay Avenue because "[i]t is fundamental that a grantor cannot effectively convey a greater title than he [or she] possesses." *Stankiewicz* v. *Miami Beach Assn. Inc.*, 191 Conn. 165, 170, 464 A.2d 26 (1983). The court's finding that there was a break in the plaintiff's chain of title is not clearly erroneous, as there was evidence in the record to support it and we are not left with the definite and firm conviction that a mistake has been committed.[4]

The plaintiff next makes several additional arguments that challenge the court's conclusion that the defendants own 105 McLay Avenue.[5] Because we conclude that the court's finding that the plaintiff has no title or interest in 105 McLay Avenue was not clearly erroneous, however, we need not address his remaining claims. Having failed to prove his own title in 105 McLay Avenue, "the [plaintiff is] not permitted to question that of the defendant[s], nor to assign as error the rulings of the trial court relating thereto. . . . This is but an application of the settled rule that in a controversy under . . . § 47-31 over the title to, or an interest in, real estate, a party can prevail, that is, can obtain an adjudication of title or an interest in himself, if at all, only on the strength of his own title or interest as distinguished from the weakness of the title or interest of his adversaries." (Citations omitted; internal quotation marks omitted.) *Marquis* v. *Drost*, 155 Conn. 327, 334, 231 A.2d 527 (1967); see *Ball* v. *Branford*, 142 Conn. 13, 17, 110 A.2d 459 (1954); *Borden* v. *Westport*, 112 Conn. 152, 168, 151 A. 512 (1930); see also *Thomas* v. *Collins*, 129 Conn. App. 686, 691 n.8, 21 A.3d 518 (2011) (plaintiff permitted to contest court's finding that defendants had easement because plaintiff had title to property).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendants presented evidence indicating that, after the original transfer of the Pond Lot from Granniss to Howe, the deed descriptions in the plaintiff's chain of title did not include 105 McLay Avenue, until the conveyance from Laurelwood Associates, Inc., to Chalja, LLC. The defendants argue, and we agree, that "one cannot create a title in himself merely by proof of a set of deeds purporting to constitute a chain of title ending with a conveyance to himself." *Loewenberg* v. *Wallace*, 147 Conn. 689, 696, 166 A.2d 150 (1960).

[2] Following the recording of the 1983 map, McLay Avenue was reconfigured and 105 McLay Avenue, otherwise known as town of East Haven excess row, was shown on the Laurelwood Estates subdivision map, revised as of June 25, 1987.

[3] Accordingly, 105 McLay Avenue abutted lots that were on the northerly side of McLay Avenue and the property conveyed was located to the south of McLay Avenue. We note in general that where the description in a deed states that a parcel of land is bounded by a highway, the boundary is to the middle of the highway. See *Stiles* v. *Curtis*, 4 Day (Conn.) 328, 329 (1810); see also *Antenucci* v. *Hartford Roman Catholic Diocesan Corp.*, 142 Conn. 349, 355–56, 114 A.2d 216 (1955) (absent contrary evidence, abutting owner presumed to own fee to center of highway). Although the court made no finding as to whether 105 McLay Avenue extended past the center line of McLay Avenue prior to its reconfiguration, the court is presumed to know the law and to apply it correctly, and the plaintiff has not shown

otherwise. See, e.g., *Stratford* v. *Hawley Enterprises, Inc.*, 175 Conn. App. 369, 375, 167 A.3d 1011 (2017). Additionally, the court had evidence before it, namely, the relevant maps and Ioime's testimony, from which it could have determined the location of 105 McLay Avenue on the map and concluded that 105 McLay Avenue was not conveyed pursuant to the deed from East Haven to Farricielli.

[4] The plaintiff previously had brought an action to quiet title to 105 McLay Avenue against a different defendant. In *Bozelko* v. *Venditto*, Superior Court, judicial district of New Haven, Docket No. CV-11-5033793-S (September 19, 2016), the court determined that the plaintiff did not own 105 McLay Avenue, and found that Jennifer Venditto's warranty deed for 91 McLay Avenue, which property abutted 105 McLay Avenue, extended to the center of McLay Avenue. The appeal to this court was dismissed, and our Supreme Court denied certification for appeal. *Bozelko* v. *Venditto*, 324 Conn. 925, 155 A.3d 754 (2017). We note that "[§ 47-31] requires the plaintiffs to name the person or persons who may claim [an] adverse estate or interest. . . . So that the trial court can make a full determination of the rights of the parties to the land, an action to quiet title is brought against persons who claim title to or have an interest in the land. . . . Only the parties to an action to quiet title are bound by the judgment. . . . The failure to include [parties who may claim an interest] . . . is not error because the decision to join a party in a suit to quiet title is made by the plaintiff." (Citations omitted.) *Swenson* v. *Dittner*, 183 Conn. 289, 292, 439 A.2d 334 (1981). The defendants in this case were not named in *Venditto*, nor was Venditto named in this action.

[5] The plaintiff claims that (1) the evidence submitted by the defendants in support of their chain of title is insufficient, (2) the court erred in finding that McLay Avenue was dedicated as a public street, (3) the court erred in finding that "the property known as 99 [McLay] Avenue, which is owned by Statewide Construction, Inc., extends all the way to the current street line of McLay Avenue and includes to the center of McLay Avenue," (4) General Statutes § 47-33 extinguishes any claim the defendants have to 105 McLay Avenue, and (5) Statewide Construction, Inc., failed to comply with § 47-31 (d) and therefore cannot claim title to 105 McLay Avenue by virtue of ownership of 99 McLay Avenue. All of these claims essentially attack the court's ruling that the defendants own 105 McLay Avenue in various proportions.

———————————————