******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RONALD F. BOZELKO *v.* STATEWIDE
CONSTRUCTION, INC., ET AL
(AC 43795)

Alvord, Suarez and Pellegrino, Js.

*Syllabus*

The plaintiff in error, C, challenged the judgment of the trial court rendered
in favor of the defendants in the underlying action. C is the daughter
of R, the plaintiff in the underlying action who sought to quiet title to
certain real property in East Haven. Following a trial in the underlying
action, the court concluded that the defendants were the owners of the
property. R appealed to this court, which affirmed the judgment of the
trial court, and our Supreme Court denied R certification to appeal from
that judgment. Subsequently, C, who was not a party to the underlying
action, filed the present writ of error in our Supreme Court, which
transferred the matter to this court. C challenged the trial court's factual
findings underlying its determination that the defendants were the own-
ers of the subject property. *Held* that C lacked standing to challenge the
trial court's judgment and, accordingly, the writ of error was dismissed:
C relied solely on her claimed status as a holder of a mortgage alleged
to include the subject property to establish aggrievement, but C's reli-
ance on the mortgage was not sufficient to establish aggrievement, as
C offered no proof as to how, or to what extent, her claimed interest
as a mortgage holder had been impaired by the trial court's judgment,
and, accordingly, C did not establish aggrievement and, therefore, lacked
standing to challenge the judgment.

Argued November 18, 2020—officially released February 9, 2021

*Procedural History*

Writ of error from the judgment of the Superior Court
in the judicial district of New Haven, *Hon. Richard E.
Burke*, judge trial referee, rendered for the defendants
in error with respect to certain real property, brought
to our Supreme Court, which transferred the matter to
this court. *Writ of error dismissed.*

*Chandra A. Bozelko*, self-represented, the plaintiff
in error.

*Michael E. Burt*, for the defendants in error (State-
wide Construction, Inc., et al.).

*Opinion*

PER CURIAM. This case comes before the court on a writ of error brought by the plaintiff in error, Chandra A. Bozelko (plaintiff in error), who is the daughter of Ronald F. Bozelko (Bozelko), the plaintiff in the underlying action. Bozelko initiated the underlying action pursuant to General Statutes § 47-31, seeking to quiet title to property known as 105 McLay Avenue in East Haven. The writ of error challenges the judgment of the trial court rendered in favor of the defendants in the underlying action, Statewide Construction, Inc., and Robert Pesapane (defendants in error). We conclude that the plaintiff in error lacks standing to challenge the judgment and, accordingly, we dismiss the writ of error.[1]

The relevant facts and procedural history are set forth in this court's opinion in *Bozelko* v. *Statewide Construction*, *Inc.*, 189 Conn. App. 469, 470, 207 A.3d 520, cert. denied, 333 Conn. 901, 214 A.3d 381 (2019). "In 2011, [Bozelko] commenced an action against the defendants [in error] seeking to quiet title to property known as 105 McLay Avenue in East Haven [(underlying action)]. In their amended answer, the defendants [in error] admitted the allegation in the operative complaint that they may claim an interest in whole or in part in 105 McLay Avenue. The defendants [in error] denied the remainder of the allegations in the complaint and did not assert any special defenses or counterclaims, but made a statement in their amended answer, pursuant to § 47-31 (d), that they each owned a portion of 105 McLay Avenue. At trial, the parties submitted evidence of their chains of title. Following trial, the court found in its memorandum of decision [issued on January 19, 2017], that the defendants [in error] are the owners of 105 McLay Avenue 'in various proportions.' " Id.

On appeal to this court, Bozelko argued that "the court erred in its conclusion as to the ownership of 105 McLay Avenue." Id. Specifically, he argued that "the evidence he submitted at trial established that he has title to 105 McLay Avenue." Id. This court concluded that the trial court's finding that there was a break in Bozelko's chain of title was not clearly erroneous, as there was evidence in the record to support it, and affirmed the judgment of the trial court. Id., 474–76. On September 11, 2019, our Supreme Court denied Bozelko certification to appeal from the judgment of this court. See *Bozelko* v. *Statewide Construction*, *Inc.*, 333 Conn. 901, 214 A.3d 381 (2019).

On October 9, 2019, the plaintiff in error, who was not a party to the underlying action, filed the present writ of error with our Supreme Court.[2] In her writ of error, the plaintiff in error challenges the trial court's factual findings underlying its determination that the defendants in error own 105 McLay Avenue. She con-

tends that she "is the owner of a mortgage on 105 McLay Avenue . . . dated October 23, 2008, and recorded in Volume 2060 on page 205 of the East Haven land records." She further alleges that the trial court "did not make an official determination of marketable record title to 105 McLay Avenue." She maintains that the trial court's failure to find that Bozelko has marketable record title "has damaged the interests of the plaintiff in error, whose mortgage on 105 McLay [Avenue] has a questionable validity as a result of the trial court's errors." She requests in her writ of error that this court vacate the judgment of the trial court and "conduct a de novo review of the deeds in evidence to determine which party in the underlying action holds marketable record title under [General Statutes] § 47-33 (b) et seq."[3]

We first must decide whether we have jurisdiction to consider the writ of error. The defendants in error contend that the plaintiff in error lacks standing because she is not aggrieved.

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action . . . . Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved. . . . The fundamental test for establishing classical aggrievement is well settled: [F]irst, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision . . . . Second, the party claiming aggrievement also must demonstrate that its asserted interest has been specially and injuriously affected in a way that is cognizable by law." (Citations omitted; internal quotation marks omitted.) *Crone* v. *Gill*, 250 Conn. 476, 479–80, 736 A.2d 131 (1999); see also Practice Book § 72-1 (a) ("[w]rits of error for errors in matters of law only may be brought from a final judgment of the Superior Court to the Appellate Court in the following cases: (1) a decision binding on an aggrieved nonparty; (2) a summary decision of criminal contempt; (3) a denial of transfer of a small claims action to the regular docket; and (4) as otherwise necessary or appropriate in aid of its jurisdiction and agreeable to the usages and principles of law").

In her principal appellate brief, the plaintiff in error maintains that she "has an interest in the property in question by virtue of being assigned a 2008 mortgage on 105 McLay Avenue." With respect to the plaintiff in error's purported mortgage, the defendants in error emphasize that it was not assigned to her until September 26, 2019, and that the assignor of the mortgage, the mother of the plaintiff in error, was not made a party to the underlying action. The defendants in error contend that the plaintiff in error is "merely attempting to create [an] aggrievement after the fact by taking

assignment of a mortgage twelve years after its inception and after issues involved in the underlying quiet title action have been fully litigated and reviewed." In her reply brief, the plaintiff in error responds that she is aggrieved because "[h]er mortgage becomes worthless unless title vests in the owner . . . determined by the deeds in the land records of the town of East Haven."

The plaintiff in error relies solely on her claimed status as a holder of a mortgage alleged to include property known as 105 McLay Avenue to establish aggrievement. We conclude that the plaintiff in error's reliance on the mortgage is not sufficient to establish aggrievement. Specifically, she has offered no proof as to how, or to what extent, her claimed interest as a mortgage holder has been impaired by the trial court's judgment. "Allegations and proof of mere generalizations and fears are not enough to establish aggrievement." (Internal quotation marks omitted.) *Crone* v. *Gill*, supra, 250 Conn. 480. Accordingly, we conclude that the plaintiff in error has not established aggrievement and, therefore, lacks standing to challenge the judgment.[4]

The writ of error is dismissed.

[1] Because we conclude that the plaintiff in error does not have standing to challenge the judgment of the trial court, we lack subject matter jurisdiction over, and do not reach the merits of, the claim made in her writ of error.

[2] On January 9, 2020, our Supreme Court transferred the writ of error to this court pursuant to Practice Book § 65-1.

[3] In her appellate brief, the plaintiff in error requests that this court "vacate the judgment of the trial court and either remand with instructions to enter judgment quieting title to 105 McLay Avenue in [Bozelko] or order a retrial."

[4] In her reply brief, the plaintiff in error argues that our Supreme Court's transfer of the writ of error to this court; see footnote 2 of this opinion; should be construed as a determination by our Supreme Court that this court has jurisdiction over the writ of error. We reject the notion that our Supreme Court's transfer of a matter to this court pursuant to Practice Book § 65-1 should be construed as a determination that the plaintiff in error has standing. Moreover, we note that Practice Book § 72-1 (a), governing writs of error, was amended effective January 1, 2020, to require that writs of error be brought to this court, rather than to our Supreme Court.